REGAN v. GRAND TRUNK RAILWAY.

A common carrier receiving goods to be forwarded to points beyond his route, in case of an interruption of the stipulated line of transportation, is bound to use all reasonable means such as a prudent owner being present would take to protect the property from unnecessary loss or damage.

What constitutes reasonable care in such an emergency, and whether it is the duty of the carrier to forward the goods by a different route, are questions of fact to be determined with reference to all the circumstances.

Neglect to notify the consignee of a change of route does not render the carrier liable for loss or damage happening from delay in the delivery of the goods, if such notice would not have avoided the injury.

CASE, against the defendants as common carriers. Facts found by a referee. November 21 and 22, 1873, the plaintiff delivered to the defendants' agent at Groveton, N. H., five boxes of poultry, with instructions to forward them *via* boat to A. F. Lauten, Boston, Mass. The plaintiff signed a printed application for transportation, and the defendants' agent gave a receipt for the goods, both containing this stipulation as a part of the contract: " All goods

addressed to consignees at points beyond the places at which the company have stations, and respecting which no directions to the contrary shall have been received at these stations, will be forwarded to their destination, by public carrier or otherwise, as opportunity may offer, without any claim for delay against the company for want of opportunity to forward them. . . . The delivery of the goods by the company will be considered as complete, and the responsibility of the company will be considered to have ceased when such carriers shall have received notice that the company is prepared to deliver to them the goods for further conveyance. And it is expressly agreed that the company shall not be responsible for any loss, damage, or detention that may happen to goods so sent by them, if such loss, damage, or detention occur after the said notice, or beyond their said limits."

The goods were forwarded by freight train from Groveton on the morning of November 22, and arrived in Portland the same evening, but after the boat for Boston had gone. The train was not due in Portland until after the boat had left. The next day, November 23, was Sunday, and no boat ran on that day to Boston. November 24, the agent for the line of boats to Boston notified the defendants' agent at Portland that there was such a storm raging that the boat would not run that day, and that he did not know when it would run again, as it looked like a long storm. The defendants' agent, knowing that the boxes contained poultry, and that it would be likely to become damaged if detained for the boat, forwarded it by the Eastern Railroad that afternoon. There was a violent storm along the coast that evening, and the Eastern Railroad train, upon which the poultry was shipped, got off the track, and was detained, but how long did not appear.

The plaintiff went to Boston via boat November 22, and on the morning of November 24 he went to the steamboat wharf, and learned that the poultry had not arrived. He also went with the consignee to the wharf on the mornings of November 25 and 26, and was told there was nothing there for them. About noon of November 26, the plaintiff went to the Eastern and the Boston & Maine railroad depots, and inquired if the poultry had come by either of those lines, and was told that it had not. He then went with the consignee to the office of the Eastern Railroad in the city, and learned that the poultry was at the Eastern depot; and it was delivered about dark that evening. When received, it was damaged.

The referee found that the defendants' agent at Portland exercised due care and prudence in sending the poultry by the Eastern Railroad when he learned that the boat would be detained an indefinite time by the storm, but was negligent in not notifying the consignee of the change of route. He also found that such notice would not have avoided the loss, and that the plaintiff was not injured by the neglect to give the notice.

*B. F. Whidden*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendants.

CLARK, J.   The defendants' undertaking was to carry the plaintiff's goods from Groveton to Portland, and deliver them to the boat for transportation to the consignee at Boston.   When they had carried the goods to the terminus of their line in Portland, and had notified the agent of the boat line that they were ready to deliver the goods for further conveyance, they had done all that was required by the terms of their contract; and if the ordinary running of the boat had not been interrupted, they would have been relieved from further liability.   *Gray* v. *Jackson*, 51 N. H. 9; *Ins. Co.* v. *R. R. Co.*, 104 U. S. 146.

By an unforeseen event, for which the defendants were not responsible, it was impossible to forward the goods by the conveyance specified.   The failure of the boat to run as usual did not impose upon them the duty of transporting the goods from Portland to Boston.   That duty they had never assumed, and no change of circumstances could subject them to the extraordinary responsibilities of carriers beyond the termination of their route.   But, although they owed no duty of further transportation, the defendants were bound to the exercise of reasonable care, and to so conduct in relation to the plaintiff's goods that he should suffer no unnecessary loss or damage.   Though no longer liable as common carriers, they were liable as depositaries, and required to exercise ordinary care in the custody of the goods.   In cases of accident or emergency, it sometimes happens, although the transit is at an end, that the duty is cast on the carrier of taking such reasonable care of the property as a reasonable owner would take of his own goods. *Railway Co.* v. *Swaffield*, L. R., 9 Ex. 132.   And a carrier is bound to use all reasonable means, such as a prudent owner being present would take to save the property from loss by natural causes.   Edwards Bail., *s.* 598; *Peck* v. *Weeks*, 34 Conn. 145; *American Express Co.* v. *Smith*, 33 Ohio St. 511—*S. C.*, 31 Am. Rep. 561, and notes, 567; *Empire Transportation Co.* v. *Wallace*, 68 Penn. St. 302; *N. & C. R. R. Co.* v. *David*, 6 Heisk. 261.   What constitutes such reasonable care and diligence is a question of fact to be determined with reference to all the circumstances of the case.   *Cass* v. *B. & L. R. R.*, 14 Allen 448, 450.

The defendants' agent, learning that the boat would be prevented from running on account of the storm, and knowing the perishable character of the goods, forwarded them the same afternoon by the Eastern Railroad; and the referee finds that in so doing he exercised due care and prudence, but that he was negligent in not notifying the consignee of the change of route.   He also finds that such notice would not have avoided the loss, and that the plaintiff suffered no injury by reason of the negligence of the defendants'

agent. Upon these facts the plaintiff's action cannot be maintained. After the termination of the defendants' liability as common carriers, they were answerable only for injuries happening in consequence of their own negligence. They were not responsible for losses which they could not have prevented by the exercise of due care. Sh. & Red. Neg., *s.* 8.

*Judgment for the defendants.*

STANLEY, J., did not sit: the others concurred.